UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GARY JOHN FRANCIONE,
JAMES EDWARD MEIER,

        Plaintiffs,

v.

ANTONIO'S RISTORANTE LLC,
G. CONTE'S PIZZERIA AND RISTORANTE LLC,
BIZ SOLUTIONS 1 LLC D/B/A LAKE WORTH PIZZA,
CURT GIACOBBE,
DAVID LOUIS DAMBROSIO,

        Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs, GARY JOHN FRANCIONE ("Francione") and JAMES EDWARD MEIER ("Meier"), bring this action against Defendants, ANTONIO'S RISTORANTE LLC ("Antonios"), G. CONTE'S PIZZERIA AND RISTORANTE LLC ("Contes"), BIZ SOLUTIONS 1 LLC D/B/A LAKE WORTH PIZZA ("LWP"), CURT GIACOBBE ("Giacobbe"), and DAVID LOUIS DAMBROSIO ("Dambrosio"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs were residents of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Antonios was a Florida corporation that regularly transacted business in Broward County, Florida.

4. At all times material hereto, Contes was a Florida corporation that regularly transacted business in Broward County, Florida.

5. At all times material hereto, LWP was a Florida corporation that regularly transacted business in Broward County, Florida.

6. Giacobbe is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Antonios, Contes, and LWP, ran the day-to-day operations and had operational control over Antonios, Contes, and LWP, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Francione.

7. Dambrosio is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Antonios, Contes, and LWP, ran the day-to-day operations and had operational control over Antonios, Contes, and LWP, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Francione.

8. Antonios' business involves restaurant operations.

9. Contes' business involves restaurant operations.

10. LWP's business involves restaurant operations.

11. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

12. Upon information and belief, Antonios' gross sales or business done was in excess of $500,000 per year at all times material hereto.

13. Antonios' was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

14. Upon information and belief, Contes' gross sales or business done was in excess of $500,000 per year at all times material hereto.

15. Contes was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

16. Upon information and belief, LWP's gross sales or business done was in excess of $500,000 per year at all times material hereto.

17. LWP was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

18. Antonios, Contes, and LWP are a single enterprise under the FLSA, performed related activites through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

19. Antonios, Contes, and LWP were joint employers of Francione under the FLSA, shared Francione's services, had Francione acting in the interest of each business, and shared common control of Francione.

20. Francione worked for Defendants as a pizza maker.

21. Meier worked for Defendants as a pizza maker.

22. Defendants failed to pay Francione's full and proper overtime wages.

23. Defendants failed to pay Meier's full and proper overtime wages.

24. Defendants knowingly and willfully refused to pay Francione's legally-entitled wages.

25. Attached as **Exhibit A** is a preliminary calculation of Francione's claims. These amounts may change as Francione engages in the discovery process.

26. Attached as **Exhibit B** is a preliminary calculation of Meier's claims. These amounts may change as Meier engages in the discovery process.

27. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

28. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-27 above as if set forth herein in full.

29. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

30. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791