UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62380-RUIZ/STRAUSS

GARY JOHN FRANCIONE, *et al.*,

      Plaintiffs,

v.

ANTONIO'S RISTORANTE LLC, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiffs' Bill of Costs [DE 52] ("Cost Motion") and Plaintiffs' Verified Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. § 216(b) [DE 53] ("Fee Motion").  The motions have been referred to me to take all necessary and proper action as required by law [DE 54].  I have reviewed the motions and all other pertinent portions of the record in this case.  Defendants have not responded to the motions, and the deadline to file a response has passed.

On July 25, 2023, the Court entered the Final Default Judgment [DE 47] in favor of Plaintiffs and against Defendants.  Thus, Plaintiffs clearly prevailed in this matter.  Therefore, they are entitled to an award of reasonable attorney's fees and costs against Defendants.  *See Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 207 (11th Cir. 2021) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs." (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985))); *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) ("Prevailing parties in FLSA suits are entitled to attorney's fees. The statute provides that '[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" (quoting 29 U.S.C. § 216(b))); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party."). As discussed herein, Plaintiffs should be awarded attorney's fees in the amount of **$19,400** and costs in the amount of **$727**.

## COST MOTION

"[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, Plaintiffs seek an award of costs in the amount of $1,214, consisting of the $402 filing fee and $812 in service costs. The $402 filing fee is clearly taxable under § 1920(1) and should therefore be awarded. However, I only recommend that $325 in service costs be awarded. Although fees for service of a summons or subpoena by private process servers are taxable under § 1920(1), the service fee charged by a private process server may not exceed the amount charged by the U.S. Marshal. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). The Marshal charges $65 per hour for each item served (plus travel costs and any other out-of-pocket expenses). 28 C.F.R. § 0.114(a)(3). The attachment to the Cost Motion [DE 52-1] reflects charges for service on all 5 Defendants (ranging from $69 to $305), but Plaintiffs have not provided information or documents sufficient to show that a charge above $65 for service on any defendant is appropriate. In fact, Plaintiffs failed to support their Cost Motion with a memorandum even though they were required to do so under Local Rule 7.3(c). Thus, even without the benefit of a response, Plaintiffs have failed to establish that they should be awarded more than $65 for service on any defendant. As such, they should only be awarded service costs of $325 ($65 per defendant). Adding that $325 to the $402 filing fee, Plaintiffs should be awarded $727 in costs.

## FEE MOTION

When determining the reasonableness of attorney's fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, *see id.* at 1301-02, which is

"strongly presumed to be reasonable." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 804 (11th Cir. 2020) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel.*" *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices:

it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

Pursuant to the Fee Motion, Plaintiffs seek an award of attorney's fees in the amount of $24,560.  This sum is comprised of 61.4 hours at an hourly rate of $400.  The reasonableness of the rate and hours sought is discussed herein.

### A.  Reasonable Hourly Rate

Because it is Plaintiffs seeking an award of attorney's fees, they have the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303).  "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"  *Id.* at 436 (quoting *Norman*, 836 F.2d at 1299).  "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'"  *Id.* at 437 (citing *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994)).

In the Fee Motion, Plaintiffs' counsel states that he "has been practicing in the area of employment law since 2009, has litigated more than 800 federal FLSA cases, and is sole shareholder of Koz Law, P.A."  [DE 53] ¶ 3.  Although the Motion should provide greater information regarding Plaintiffs' counsel's background and credentials, I am nonetheless familiar with counsel, who has appeared before me in numerous FLSA cases.  Therefore, notwithstanding the limited information provided in the Fee Motion, I am able to evaluate the reasonableness of the requested hourly rate.

In fact, I have evaluated several fee requests from Plaintiffs' counsel over the last few years. *See Cauzo v. Katane LLC*, No. 20-CV-60396, 2022 WL 18358842 (S.D. Fla. Dec. 16, 2022), *report and recommendation adopted*, 2023 WL 246833 (S.D. Fla. Jan. 18, 2023); *Walker v. Grampa's Real Est. Inc.*, No. 20-CV-61557, 2022 WL 3928341 (S.D. Fla. Aug. 16, 2022), *report and recommendation adopted*, 2022 WL 3910716 (S.D. Fla. Aug. 31, 2022); *Walker v. Grampa's Real Est. Inc.*, No. 20-CV-61557, 2022 WL 2789967 (S.D. Fla. June 29, 2022), *report and recommendation approved*, 2022 WL 2788498 (S.D. Fla. July 15, 2022); *Paul v. Am. Liberty Van Lines LLC*, No. 19-60512-CIV, 2020 WL 8082378 (S.D. Fla. Mar. 10, 2020).   In *Paul*, I found $350 to be a reasonable hourly rate for Plaintiffs' counsel.  *See* 2020 WL 8082378, at *2.  In *Cauzo* and *Walker*, I rejected counsel's request for a rate of $400 or more; instead, I found $375 – but no greater – to be reasonable.  *See Cauzo*, 2022 WL 18358842, at *2-3; *Walker*, 2022 WL 3928341, at *3; *Walker*, 2022 WL 2789967, at *2-4.

Plaintiffs' counsel once again requests a rate of $400.  In an exhibit to the Fee Motion [DE 53-1], counsel discloses the rate he has been awarded in other cases in this district over the last two years.  In most cases, counsel has been awarded a rate of $375.  However, counsel indicates that he has been awarded a rate of $400 in five cases.

Because no response to the Fee Motion has been filed, the Court has discretion to grant the Fee Motion by default.  *See* S.D. Fla. L.R. 7.1(c)(1) (noting that the failure to timely respond to a motion "may be deemed sufficient cause for granting the motion by default").  At the same time, even when the Court has discretion to grant a fee motion by default, the Court has an independent obligation to not award fees that are clearly unreasonable.  Given that Plaintiffs' counsel has been awarded a $400 rate in a few recent cases and given that no response to the Fee Motion has been

filed, I cannot conclude that a rate of $400 is clearly unreasonable here.[1]  Therefore, I recommend that the requested rate be awarded in this matter (by default).

### B.  Hours Reasonably Expended

Based on my review and consideration of Plaintiffs' counsel's billing records and the record in this case, I find that counsel should be awarded 48.5 of the 61.4 hours sought.  In so finding, I have reviewed all filings referenced in counsel's billing records.  I have also balanced a few considerations.  As discussed above, on the one hand, it is Plaintiffs' burden to adequately document the reasonableness of counsel's hours and to exclude excessive, redundant, and unnecessary hours.  Significantly, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  *Barnes*, 168 F.3d at 428.  On the other hand, a party opposing a fee motion is required to specifically and precisely point out unreasonable hours.  *See id.*  ("Those opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" (quoting *Norman*, 836 F.2d at 1301)).  Defendants, however, have failed to respond to the Fee Motion.  Therefore, the reductions I recommend herein are only for hours that are clearly unreasonable or excessive (even without the benefit of a response) and for hours included in time entries where the description is inadequate to discharge Plaintiffs' burden of documenting reasonable hours.

First, I have deducted 1.8 hours from counsel's December 16, 2022 entry (for 3.8 hours) for researching Defendants' business operations.  The entry does not describe any of the actual

---

[1] I also note that the time entries in this case were incurred during and after December 2022.  In the other matters where I found a rate of $400 to be unreasonable for Plaintiffs' counsel, the time entries predated the time entries in this case.

tasks that counsel completed.  Therefore, Plaintiffs have not satisfied their burden of showing that the number of hours billed is reasonable.

Second, I have excluded 0.9 hours for counsel's January 28, 2023 entry for researching Defendants' counsel's background.  Such time was not necessary to further the litigation and, therefore, should not be passed on to Defendants.

Third, I have reduced 0.3 hours from counsel's February 7 and 24, 2023 entries (for a combined 0.5 hours) for reviewing returns of service (DE 8-11).  A review of the four brief returns of service shows that it should not have taken more than a minute to review each return of service. Because the two entries are from two separate dates, I have allotted 0.1 hours for each of the two entries (thus reducing a total of 0.3 hours).

Fourth, I have excluded 0.9 hours for preparing two notices of striking (on March 20, 2023 and May 8, 2023), for preparing a notice of filing (on March 28, 2023), and for preparing notices of compliance (on April 26, 2023 and May 8, 2023).  A review of these filings shows that they are clerical in nature.  Additionally, at least some of the time billed is excessive.  For example, counsel billed 0.2 hours for preparing a notice of striking on March 20, 2023 that *solely* states: "Plaintiffs hereby give notice of striking ECF No. 12."  [DE 14].

Fifth, I have deducted 0.4 hours from counsel's 0.5-hour entry for emailing my chambers proposed settlement conference dates on April 11, 2023.  A review of counsel's brief email (which contained a string of other emails) shows that the amount of time billed over 0.1 hours to draft the email is clearly excessive.

Sixth, I have deducted 0.2 hours from counsel's entries for reviewing DE 32 and 35 (on May 11, 2023 and May 19, 2023).  Counsel billed 0.4 hours to review these two brief *paperless*

orders (0.2 hours each), which is clearly excessive.  Therefore, I have reduced each of the two entries to 0.1 hours.

Seventh, I have excluded <u>0.4 hours</u> that counsel billed for reviewing Defendants' Answer on June 2, 2023.  As Plaintiffs' counsel recognized in a motion for sanctions that he filed, Defendants did not actually file an Answer; rather, as Plaintiffs' counsel noted, "Defendants re-filed Plaintiffs' Complaint [ECF No. 1] as their Answer [ECF No. 37]."  [DE 38] at 2.  Thus, no time should have been billed for reviewing Defendants' non-existent Answer – even putting aside other concerns that this billing entry raises (including concerns regarding the contemporaneous maintenance of time records, or rather, the apparent lack thereof).

Eighth, I have deducted <u>0.4 hours</u> from the 0.9 hours billed to review DE 41, 46, and 47. DE 41 and DE 46, which are both between 4 and 5 pages, should not have reasonably taken more than 0.2 hours (each) to review, and DE 47, which is between 1 and 2 pages, should not have reasonably taken more than a couple minutes to review.

Ninth, I have excluded <u>0.1 hours</u> that counsel unreasonably billed for reviewing DE 44 on June 28, 2023.  DE 44 is a *paperless* Clerk's Notice of Compliance that contains only a few words.

Tenth, I have reduced <u>2.5 hours</u> for entries for providing "case update[s]" to Plaintiffs. Aside from the 4 hours that Plaintiffs' counsel billed for meeting with Plaintiffs at the outset of the case (which I have not reduced), Plaintiffs' counsel billed 5.5 hours for providing case updates to Plaintiffs on numerous occasions.[2]  However, counsel generally provided these updates to Plaintiffs separately (usually on the same date) and often billed 0.5 hours or more for each of these

---

[2] The 2.5-hour reduction represents half of the time billed in these "case update" entries, excluding the one entry where counsel provided an update to both Plaintiffs together (on July 25, 2023).  In other words, I have not excluded any portion of the July 25, 2023 entry for 0.5 hours, thus allowing 3 of the 5.5 hours sought for "case update" entries.

entries.  Also, several entries do not indicate whether the updates were provided by phone, email, or in some other manner.  Regardless, it is unreasonable to pass on to Defendants all of the hours billed for providing the case updates to Plaintiffs.  Significantly, this is a case in which no motion to dismiss or Answer was ever filed, no discovery was served on Plaintiffs, no depositions occurred, and no mediation or settlement conference was held.  The number of hours billed for providing case updates is plainly excessive under the circumstances.  At a minimum, Plaintiffs have failed to demonstrate that the number of hours billed for providing case updates was reasonable in light of the limited events that occurred during the pendency of this case.

Eleventh, I have deducted 3.1 hours from the 7.1 hours that counsel billed for reviewing the websites of the three corporate Defendants and the website of an additional non-defendant entity on December 21, 2022.  While I understand that it may have been reasonable to look at the websites for certain purposes,[3] Plaintiffs have failed to show that it was reasonable to bill over 7 hours for looking at the websites of four pizzerias.  Allowing 1 hour per website (and thus deducting 3.1 hours) is a way to achieve rough justice, even if not auditing perfection.  *See Fox*, 563 U.S. at 838 ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.").  While a larger reduction may be warranted, I decline to reduce these entries further in light of Defendants' failure to respond to the Fee Motion.

Twelfth, I have excluded 0.5 hours that counsel billed for reviewing his billing records (on August 28, 2023).  The description provided ("Reviewed billing records") fails to establish that such time was reasonably expended.  Additionally, although such time was billed on the date that the Fee Motion was filed, the Fee Motion does not include any discussion of the tasks completed

---

[3] For instance, counsel's time entries indicate that counsel looked at the websites as part of considering single enterprise and joint employment issues.

in this case. Thus, it is unclear why it was necessary to review the billing records (which, in any event, should have been contemporaneously maintained) in connection with preparing the Fee Motion (or otherwise).

Thirteenth, I have deducted 0.9 hours from counsel's August 28, 2023 entry (for 1.1 hours) for preparing the Fee Motion. The Fee Motion contains just over a page of content (double-spaced), nearly all of which is content from fee motions that counsel has previously filed in other cases (essentially aside from changing names and figures).

Finally, I have excluded 0.5 hours that counsel billed for preparing the Cost Motion (on August 28, 2023). A review of the Cost Motion shows that the limited work completed was clerical in nature and should not have taken more than a few minutes. The only work completed included filling in a few blanks on the Bill of Costs form (AO 133) and attaching a list of service charges. Further, as noted above, the Cost Motion failed to include the memorandum required under Local Rule 7.3(c).

Applying the foregoing reductions, I find that Plaintiffs' counsel should be awarded 48.5 hours in this case (61.4 – 1.8 – 0.9 – 0.3 – 0.9 – 0.4 – 0.2 – 0.4 – 0.4 – 0.1 – 2.5 – 3.1 – 0.5 – 0.9 – 0.5 = 48.5).

### C. Lodestar

For the reasons discussed above, I find that Plaintiffs' counsel should be awarded 48.5 hours at an hourly rate of $400. Therefore, the lodestar figure for this matter is $19,400 ($400 * 48.5 hours). I find that the lodestar represents a reasonable fee award here under the circumstances.

## <u>CONCLUSION</u>

For the reasons discussed above, I respectfully **RECOMMEND** that the Cost Motion [DE 52] be **GRANTED IN PART and DENIED IN PART**, that the Fee Motion [DE 53] be

**GRANTED IN PART and DENIED IN PART**, and that the Court award Plaintiffs attorney's fees in the amount of **$19,400** and costs in the amount of **$727**, for a total award of **$20,127**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 20th day of September 2023.

Jared M. Strauss
**United States Magistrate Judge**

12